# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) | 1:14-ml-02570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to:<br><br>Rosalinda and Francisco Gonzalez,<br>1:20-cv-03133 | ) | |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFFS' CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiffs' case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

## I. Background

Plaintiff, Rosalinda Gonzalez, received her Cook Celect Vena Cava Filter on October 7, 2014, at Doctors Hospital in Edinburgh, Texas. (Cause No. 1:20-cv-03133, Short Form Compl. ¶¶ 10-12). On November 26, 2018, Ms. Gonzalez presented to the hospital with upper abdominal and epigastric pain, and with complaints "of lower back

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

pain and flank pain for many months." (Filing No. 21053, Medical Record at 7). At some point during her hospital stay, Ms. Gonzalez's treating physicians found "displacement and engagement of the hook of the IVC filter into a lumbar vein." (*Id.*). Based on these findings, on November 29, 2018, Ms. Gonzalez underwent "an IVC filter removal in an open fashion," which was successful. (*Id.*). The risks and consequences of the filter removal were discussed with Ms. Gonzalez and her family in detail prior to the operation. (*Id.*).

Ms. Gonzalez and her husband, Francisco Gonzalez, filed suit against the Cook Defendants on December 4, 2020. (Short Form Compl. ¶ 14). Ms. Gonzalez brings claims for strict products liability, negligence, breach of warranty, and consumer fraud, and she requests punitive damages. (*Id.*). Mr. Gonzalez brings a loss of consortium claim. (*Id.*).

## II. Discussion

Cook argues Ms. Gonzalez's product liability claims are time-barred because she filed her action more than two years after her open removal surgery. The parties agree Texas law applies.

Under Texas law, a plaintiff must bring a personal injury suit no later than two years after the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). A cause of action generally accrues when a wrongful act causes an injury, regardless of when the plaintiff learned of such injury. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990).

The discovery rule represents an exception to the general rule of accrual. *Id.* Texas's discovery rule provides that a cause of action accrues when the plaintiff discovers, or reasonably should have discovered, the nature of the injury. *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1998); *In re Mirena IUD Prods. Liab. Litig.*, 29 F. Supp. 3d 345, 356 (S.D.N.Y. 2014) (applying Texas law in products liability action, stating the "statute of limitations does not begin to run until a plaintiff learns, or through the exercise of ordinary diligence should have learned, that a defendant's product injured her"). A plaintiff need not discover all the elements of a cause of action for the limitations period to begin; rather, Texas's "discovery rule speaks only of discovery of the injury." *Coody v. A.H. Robins Co., Inc.*, 696 S.W.2d 154, 156 (Tex. Ct. App. 1985).

On November 29, 2018, Ms. Gonzalez knew that her filter had displaced into her lumbar vein and consented to surgical removal of the filter after consultation with her physicians. At that point, she knew or should have discovered in the exercise of reasonable diligence that a potential claim existed concerning the filter. *See Shepherd v. Danek Medical, Inc.*, No. Civ.A. H-96-3568, 1999 WL 1129705, at *1 (S.D. Tex. Aug. 13, 1998) (holding plaintiff's negligence, negligence per se, strict product liability, and misrepresentation claims accrued upon removal of the implanted device from his spine). Yet, Ms. Gonzalez failed to investigate her potential claim and file suit within the two-year period. Her personal injury claims are therefore time-barred under Texas law.

Plaintiffs did not respond to Cook's arguments regarding Ms. Gonzalez's breach of warranty and punitive damages claims or Mr. Gonzalez's loss of consortium claim. Consequently, Plaintiff waived any challenge to these claims. *See Bonte v. U.S. Bank,*

*N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

## III. Conclusion

For the reasons just discussed, the Cook Defendants' Motion for Judgment in Plaintiffs' Case Pursuant to CMO-28 (Filing No. 21052) is **GRANTED**. Judgment shall issue forthwith.

**SO ORDERED** this 19th day of May 2023.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.