# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

---

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

---

This Document Relates to the Following Case:

Jose Trevino, 1:17-cv-2728

---

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff's case. Specifically, they argue Plaintiff's personal injury claims are time-barred, his implied warranty claim is time-barred, his express warranty claim is not adequately pled, and, because he has no other viable claims, his punitive damages claim fails.

## I. Background

Plaintiff received his Günther Tulip Vena Cava Filter on October 16, 2009, at Southwestern General Hospital in San Antonio, Texas. (Filing No. 13 in member case, Am. Short Form Compl. ¶¶ 10-12). On December 4, 2009, his physician attempted to remove the filter, but because the filter was "tilted posteriorly and incorporated into the

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

wall [of the vena cava]," the "procedure was abandoned." (Filing No. 17996, Medical Record at 2). Plaintiff filed suit against Cook on June 13, 2019.

**II. Discussion**

Under Texas law, a person must bring a personal injury suit no later than two years after the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16-003(a). Under Texas's discovery rule, the limitations period accrues when the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, the nature of the injury. *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1998).

Plaintiff filed a notarized affidavit on October 3, 2019, indicating that he did not become aware that the IVC filter "was manufactured by Cook and that it was likely defective and likely causing his injuries" until November 2015. (Filing No. 18330-1, Affidavit of Jose Trevino, ¶ 5). Even if the court were to consider this testimony—which would require converting this motion to a motion for summary judgment—it does not save his claims. Under Texas law, the discovery rule "does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of a cause of action." *Coody v. A.H. Robins Co.*, 696 S.W.2d 154, 156 (Tex. Ct. App. 1985). Plaintiff's claimed injury is the filter removal, and he knew of the failed retrieval attempt when it occurred in December 2009. His claims therefore accrued in December 2009. *See Shepherd v. Danek Medical, Inc.*, 1999 WL 1129705, at *1 (S.D. Tex. Aug. 13, 1998) (holding plaintiff's negligence, negligence per se, strict product liability and misrepresentation claims accrued upon removal of the implanted device from his spine).

Plaintiff maintains that fraudulent concealment operates to toll the statute of

Case 1:25-cv-01520-JMS-MG Document 18-4 Filed 11/12/25 Page 4 of 4

limitations. Under Texas law, "the doctrine of fraudulent concealment tolls or suspends the running of limitations after it has begun because the defendant concealed from the plaintiff facts necessary for the plaintiff to know that he had a cause of action." *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 439 (Tex. Ct. App. 1997). But if a plaintiff has knowledge of facts "which would cause a reasonable person to make inquiry leading to the discovery of a concealed cause of action," the tolling effect ends and the statute of limitations begins to run again. *Id.* Here, Plaintiff had enough information when he learned of the failed retrieval attempt in December 2009 to make inquiry into the existence of a possible cause of action. Because the statute of limitations began to run in December 2009, but Plaintiff did not file suit until June 2019, his claims are time-barred under Texas law.

Plaintiff did not respond to the Cook Defendants' arguments regarding his implied warranty, express warranty, and punitive damages claims. Those claims are therefore waived. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

## III. Conclusion

For the reasons just discussed, the Cook Defendants' Motion for Judgment in Plaintiff Jose Trevino's Case Pursuant to CMO-28 (Filing No. 17995) is **GRANTED**. Judgment shall issue forthwith.

**SO ORDERED** this 11th day of April 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.